ROBERT WILSON *v.* ELIZA RODEWALD *et al.*

1. PRACTICE—CHANGE OF VENUE.—There is no inherent power in the circuit court to change the venue in any case, beyond that conferred by statute, which must be, at least, substantially pursued. The Code of 1871, section 722, provided that, no civil suit shall be removed more than once, or in any other manner than that prescribed in this act.

2. SAME—CASE IN JUDGMENT.—Where the parties agreed to change the venue from the county of Sunflower to the county of Yazoo, and the court entered an order on the minutes in accordance with the agreement, and suffered the case removed without a compliance with the statute. *Held*: That this was error, and that the consent or agreement of the parties confers no power on the court to change the venue in any mode except that prescribed by the statute. The mode is declared in section 719 of the Code, and is by petition, under oath, addressed to the court, or to the judge of the district, in vacation, setting forth the reasons for the application. The ground for the change being, "that from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause, to be described in said petition," the party could not obtain a fair and impartial trial in the county where the action may be pending. Code of 1857, p. 496, art. 122.

Error to the circuit court of Yazoo county. Hon. W. B. CUNNINGHAM, Judge.

This was an action of ejectment, brought originally in Sunflower county, but afterwards removed, by consent of the

parties, to the county of Yazoo, where it was tried and determined. The defendant plead the general issue, and filed an account for $30,000.00 against plaintiff, for improvements. The court instructed the jury that if the lands sued for were purchased by Fowler from the United States, and conveyed by deed to the Colemans, and from the Colemans to Henry Rodewald, and that plaintiffs were his heirs, then they would find for the plaintiffs. A motion was made for a new trial, which was overruled by the court, and the plaintiff in error brought the case to this court on writ of error.

*Harris & George,* for plaintiff in error :

This case must, it seems to us, be reversed on account of a fatal infirmity in the judgment. The circuit court of Yazoo county had no jurisdiction of the subject-matter of the suit, and this objection may be taken here although not raised in the court below. There can be no jurisdiction in strictly local actions, as the action of ejectment, in any court except that of the county in which the lands lie, unless by means of a change of venue, and that change is especially limited by statute to the case where the defendant makes oath that he cannot have a fair and impartial trial in the county where the suit is rightfully brought. The statute, Code of 1857, pages 483–4, articles 122, 125, expressly prohibits a change of venue on any other conditions or in any other manner than that prescribed in article 122: "No civil suit shall be removed more than once, or in any other manner than prescribed in this act," article 125, and this manner is prescribed in article 122. The power of the circuit court to send causes for trial to a different county, or parties to consent to removal, is placed under a strict limitation, and, obviously, for a wise purpose. It would lead to great mischief and overturn the arrangement of the judiciary, if the venue, without cause, legally sufficient cause, could, at the pleasure of the parties, be shifted from one county to another. There is but a single decision in this State which supports the proposition that in any case the venue can be changed by consent

of parties, and that is the case of Choat v. Billingsly, Walker's Rep., 470.

And in this case the court held, that the *action not being local*, but transitory, and as the defendant might by his appearance, or consent give jurisdiction originally to the circuit court, in any county in which he might be found, or where he choose to appear.  This decision was made under the act of 1823.  Hutch. Code, p. 854.  It may be presumed that it contained the same prohibition contained in the Code of 1857, but it is plain that the court considered local actions as an exception to the rule it laid down.

Jurisdiction in actions of ejectment is founded on the subject matter being territorially within the jurisdiction.

At common law the distinction between local and transitory actions, as to the jurisdiction was clearly drawn. 1 Tidds Pr,, 427, (last edition;)  Farbringer v. Moyston, Cowp., p. 126–7.

The Code of 1857, as well as the act of 1823, speaks in the spirit of the law: "All civil actions shall be commenced in the county where the defendants, or any one of them may be found, except where otherwise provided, and except actions of ejectment and actions of trespass, *quare clausum fregit*, which shall be brought in the county where the property is situated."  Code of 1857, p. 483, art. 22.

It stands on the footing of prosecutions for crime.  It is well understood, that if it appears that the crime was not committed in the county where the indictment was found, it is a fatal objection on the plea of not guilty, because there was no jurisdiction in the court.

In ejectment suits, the subject matter, to wit: The land must be within the county, if not, the jurisdiction belongs to another court.  And this absence of the subject matter from the territorial limits of the county deprives the court of jurisdiction : there is no matter of choice or privilege; no waiver or consent can create this jurisdiction.  Green v. Creighton 10 S. & M., 159 ; Lester v. Harris, 41 Miss., 568; Yalobusha Co. v. Carbry, S. & M., 538; Bell v. Tombigbie R. R. Co.,

ib., 549; Holloman v. Holloman, 5 S. & M., 559; Peters v. Finney, 12 S. & M., 449.

*Nugent & Yerger,* for defendants in error:

A simple answer to the first and second assignments of error is found in the fact, that the record fails to show the *specific* objection urged by defendants to the deeds and certificate of entry offered in evidence by the plaintiff, and to the naturalization papers. The recital in every case and instance is, " the defendant objected to the reading of said deed to the jury." Why he objected, and what reason he offered to sustain his objections, are not stated. They seemed to have been determined to object to everything, for the mere form of objecting, and to allow them now, in this court, to give, with particularity, their objections, would be resolving this court into a court of original, instead of revisory or appellate jurisdiction. The object of the writ of error is, to bring to this court for revision, the adjudications of inferior courts, upon questions presented to them, and points of law raised before them, but how can this court act, if the precise point made in the court below is not set out in the record. If the latitude contended for by counsel is allowed, this court might decide that there was error, when in fact, if the case was fairly stated, there was none. In other words, this court might originally decide a question that had never been acted upon at all.

This seems to have been the view entertained by the high court of errors and appeals in Morris v. Henderson, 37 Miss., 501; Werley v. Noonan, 31 Miss., 399; Dor. v. Natchez Ins. Co., 8 S. & M., 197; Com. Bank, Manchester v. Martin, 9 S. & M., 613.

In the case first cited, the opinion of the court is decisive and settles the point beyond any cavil. Aside from this, however, if the objection here urged, had been made in the lower court, it is untenable. The lands sued for were embraced in the territorial limits of Sunflower county, where the suit was brought, but at the time the deeds were *recorded*

in the first instance, they were within the limits of Bolivar county. This court judicially knows, that in the formation of Sunflower county, these lands were taken from the territory of Bolivar county.

There is no reason, therefore, in the objection as now presented. The organization of a new county, previously established, cannot, by any possibility affect the rules of evidence. The deeds were properly admitted upon any view of the case. Act, 1836, p. 14; Act, 1844, p. 219.

The court did not err in excluding the deed from Slaughter and wife to defendants. The plaintiff, before the deed was read to the jury, reserved the right to move the court to exclude it from the jury, if it should not be connected with other evidence to show the propriety of its admission. There was no such evidence introduced. On the contrary, after the exclusion of the deposition to prove the value of improvements, the defendant gave notice that they were through with their testimony, and the motion to exclude the deed was made, and sustained. There was no pretence that Slaughter ever had title to the land. Nor was there the least intimation that could be a reason for reading the deed. There was no plea of the statute of limitations, and, hence, no reason for introducing the deed to show adverse possession under it.

There was no error in overruling the motion for a new trial. The reasons assigned are all embraced in the special errors suggested, and we have seen that there is no force in them.

Tarbell, J., delivered the opinion of the court:

Ejectment for the possession of lands in the county of Sunflower. The action was commenced and issue joined in that county, but was subsequently transferred to and tried in the county of Yazoo. The transfer is shown in the record by the following entry in the cause, while it remained in the county of Sunflower:

"By the consent of the parties, it is ordered by the court,

that this cause be transferred to the circuit court of
Yazoo county, and the clerk is ordered to certify and trans-
mit the papers in this cause, together with a copy of all the
orders in the same, to said court."

The right of the circuit court of Yazoo county to hear and
determine this case, is now, for the first time, presented for
consideration. The other questions raised on the trial ap-
pear to have been properly disposed of, and need not be dis-
cussed. With reference to the change of venue, the Code,
§ 722, following prior statutes, enacts, that, "No civil suit
shall be removed more than once, or in any other manner
than that prescribed in this act." The sum of the argument
is this : It will be conceded, that no civil suit can be re-
moved more than once. Consent cannot authorize a second
removal, because the statute is prohibitory. But, the statute
is equally absolute and peremptory, that a change of venue
can only take place in the mode thereby prescribed. That
mode is declared in § 719 of the Code, and is by petition,
under oath, addressed to the court, or to the judge of the
district in vacation, setting forth the reasons for the applica-
tion, the ground for the change being, " that from the undue
influence of the adverse party, prejudice existing in the
public mind, or for some other sufficient cause, to be de-
scribed in said petition," the party " could not obtain a fair
and impartial trial in the county where the action may be
pending." Code of 1857, p. 496, art. 122. The change of
venue, therefore, in the case at bar, was in utter disregard of
the statute, and must be held to be void. 3 S. & M., 529.
There is no inherent power in the circuit court over this sub-
ject beyond that conferred by statute, which must at least
be substantially pursued. In this instance the change was
in violation of the positive words of prohibition.

We have inherited from the common law, the rule, that
actions of ejectment and trespass *quare clausum fregit*, are
local, and hence the following very specific statute : "All
civil actions shall be commenced in the circuit court of the
county in which the defendants, or any of them, may be

found, except when otherwise provided, and except actions of ejectment, and actions of trespass *quare clausum fregit,* which shall be brought in the county where the property is situated; and in such cases process may be issued against the defendant to any other county; but if a freeholder, resident in this State, shall be sued in any action, not local, out of the county of his freehold and residence, the venue shall be changed, on his application, to the county of his freehold and residence." Code of 1857, p. 483, art. 32; Code of 1871, § 522.

Hence, the circuit court of Yazoo county could acquire jurisdiction of the subject matter of the litigation only in the mode pointed out by statute. Consent could not confer it. The question of jurisdiction, and when it may be waived, and when it may be raised, will be found fully discussed in the following cases: 10 S. & M., 159; 3 ib., 529; 4 ib., 538; ib., 549; 5 ib., 559; 12 ib., 449; 41 Miss., 668.

Venue can only be changed upon cause shown. The statute is positive and prohibitory. For the restrictions and limitations of the enactments there are reasons founded in wisdom and justice. Abuses are known to have existed in an open and undefined practice as to venue in England, detrimental to defendants and to the cause of justice, resulting in reforms. Like abuses crept into our own early practice, causing the most carefully prepared statutes, and would arise again to the serious annoyance of suitors, were any discretion confided to the courts or to parties, over this subject. The views now expressed are sustained by the authorities. Tidds' Pr.

The judgment is reversed; cause remanded to the county of Sunflower; and *venire de novo* awarded.